594 S.E.2d 278

Brandon Heath ROGERS, Appellant,

v.

STATE of South Carolina, Respondent.

No. 3760.

Court of Appeals of South Carolina.

Submitted Jan. 29, 2004.

Decided March 15, 2004.

Cheree Gillespie, of Clemson, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, of Columbia; Solicitor Druanne Dykes White, of Anderson, for Respondent.

KITTREDGE, J.

Brandon Heath Rogers appeals his conviction of criminal domestic violence (CDV), arguing the circuit court erred by (1) upholding the decision of the municipal court, which was the trial court, finding him guilty of CDV; (2) failing to hold that the municipal court erred by not granting a directed verdict to him; and (3) failing to file an order setting forth its findings of fact and conclusions of law pursuant to Rule 52(a), SCRCP. We affirm.

## FACTS/PROCEDURAL HISTORY

On the morning of March 24, 2002, Brandon's wife, Rebecca Lynn Rogers, went to the Westminster Police Department to report an incident of CDV allegedly perpetrated by Brandon against her. According to Rebecca's written and signed statement, Brandon and she argued the previous night while riding in their car. Rebecca told police that while they were arguing, Brandon "was smacking me in my face and in my head." Later, when they arrived at a gas station, Rebecca stated Brandon "smashed my face there." The couple then drove to their home, where Rebecca claimed in her written statement to police that Brandon "busted my windshield," "smacked me in the head," and "punched me in the side of the stomach." According to Rebecca's statement, when the couple entered

their house, Brandon made Rebecca "get into bed," "dared me out with a knife," "hit me again," and told her he would "hurt me really bad" if she contacted law enforcement. Among other things, Rebecca stated that Brandon "threaten[ed] to kill my parents and my brother."

At trial before the municipal court on May 9, 2002, Rebecca confirmed she had written and signed the statement. Brandon's attorney initially objected to having Rebecca read the statement into evidence. However, she agreed to allow Rebecca read the statement into evidence "sentence by sentence[,] and at the end of each sentence" allow Rebecca to acknowledge whether she made that portion of the statement, and make additional comments about that portion of the statement.

Rebecca proceeded to read the statement into evidence, frequently reacting to portions of the statement with claims that she did not remember the incidents cited in the report. However, when she read a sentence that stated Brandon had "smacked" her at the gas station, she did not refute its accuracy or question her memory of the incident. Among other things, she also acknowledged that Brandon hit her "in the side" but claimed that his action was accidental. Furthermore, when asked under cross-examination whether Brandon "threatened [her] with a knife," she responded, "Yeah. I mean[,] he didn't have a knife but he told be he could get something but he didn't have one he didn't point one at me or anything."

At the trial's conclusion, the municipal court found Brandon guilty of CDV, noting that he found Rebecca's signed and written statement more credible than her testimony in court. Brandon received a time-served sentence, which amounted to twenty days in jail.

Brandon then appealed to the circuit court, only "upon the grounds of inadequate evidence to support a conviction and utilization of improper evidence." Following a hearing, the circuit court affirmed the municipal court. Brandon then filed a Rule 52, SCRCP, motion seeking a written order from the circuit court that enumerated its findings of fact and conclusions of law. The circuit court denied the motion, rejecting Brandon's efforts to invoke civil procedural rules in a criminal appeal. This appeal follows.

## *LAW/ANALYSIS*

### I. Finding of Guilt on CDV Charge

Brandon argues the municipal court erred in finding him guilty of CDV. We are constrained to disagree, for the simple reason that Brandon seeks to pursue specious arguments and to assign error to matters that were not raised in the lower courts.

██ Brandon was charged with CDV under S.C. Code Ann. § 16-25-20 (Supp.2001), which provides that "[i]t is unlawful to: (1) cause physical harm or injury to a person's own household member, (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." Here, Brandon does not allege an error of law, but instead argues that evidence in the record fails to support either the municipal court's conclusion of his guilt or the circuit court's affirmance of his conviction. Brandon clearly misconstrues our standard of review, for in criminal appeals we sit to review errors of law only. *See City of Landrum v. Sarratt,* 352 S.C. 139, 141, 572 S.E.2d 476, 477 (Ct.App.2002) ("In criminal appeals from magistrate or municipal court, the circuit court does not conduct a *de novo* review, but instead reviews for preserved error raised to it by appropriate exception. In reviewing criminal cases, [the court of appeals] **may review errors of law only.**") (emphasis added).[1]

### II. Directed Verdict

██ Brandon argues that the circuit court erred in failing to hold that the municipal court erred by not granting Rogers a directed verdict. However, Brandon neither made a directed verdict motion in the trial court nor raised the issue in his intermediate appeal to the circuit court. Thus, the issue is not preserved, and we cannot address it. *See City of Columbia v. Ervin,* 330 S.C. 516, 519-20, 500 S.E.2d 483, 485 (1998) (an issue not raised in an intermediate appeal cannot be consid-

---

1. The standard of appellate review in circuit court from a civil judgment in magistrate court differs markedly from its criminal counterpart in magistrate or municipal court. *See Parks v. Characters Night Club,* 345 S.C. 484, 490, 548 S.E.2d 605, 609 (Ct.App.2001) (construing S.C. Code Ann. § 18-7-170 and noting that in a civil appeal from magistrate's court, the circuit court may make its own findings of fact.).

ered in a subsequent appeal to the court of appeals or supreme court); *Graniteville Mfg. Co. v. Renew,* 113 S.C. 171, 171, 102 S.E. 18, 19 (1920) (an issue not made before the circuit court on appeal from a magistrate is not properly before the appellate court.).

### III. Rule 52(a), SCRCP, Motion

■ Brandon argues the circuit court erred in denying his motion pursuant to Rule 52(a), SCRCP, seeking an order setting forth the circuit court's findings of fact and conclusions of law. We find this argument unavailing, because the CDV charge against Brandon was a criminal matter to which the South Carolina Rules of Civil Procedure do not apply. *See* Rule 1, SCRCP (stating "[t]hese rules govern the procedures in all South Carolina courts in all suits of a civil nature . . . .)." Moreover, as noted above, the circuit court, sitting in its appellate capacity, may not engage in fact finding. We find this issue meritless.

### CONCLUSION

For the forgoing reasons, the judgment of the circuit court is

**AFFIRMED.**

GOOLSBY and HOWARD, JJ., concur.