THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
St. Lukes Reformed Episcopal Church,       
Respondent,
 
 
 

v.

 
 
 
Michael Dayse, individually, and DBA Hardy Construction Co.,       
Appellant.
 
 
 

Appeal From Charleston County
B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2004-UP-592
Submitted November 1, 2004  Filed November 29, 2004

REVERSED AND REMANDED

 
 
 
Michael Dayse, of North Charleston, for Appellant.
Charles S. Goldberg, of Charleston, for Respondent.
 
 
 

PER CURIAM:  In this breach of contract action, Michael Dayse appeals the circuit courts order affirming the magistrates entry of judgment in favor of St. Lukes Reformed Episcopal Church (St. Lukes).  He contends the circuit court erred in reviewing the magistrates decision solely for errors of law and not considering errors of fact.  We reverse and remand.[1]
FACTS
St. Lukes entered into a contract with Dayse whereby Dayse agreed to perform landscaping, build a wheelchair ramp, and pour concrete for a walkway, curbing, a driveway, and steps.  The parties agreed to a contract price of $4,800 with Dayse initially receiving $1,800.  Apparently dissatisfied with Dayses work, St. Lukes fired Dayse and hired someone else to complete the remaining projects.  
Subsequently, St. Lukes filed a breach of contract action against Dayse in magistrates court alleging actual damages in the amount of $3,644.12.  The magistrate awarded St. Lukes this amount but offset the amount with a credit to Dayse in the amount of $366.  The magistrate denied Dayses motion for a new trial.
Dayse appealed the magistrates decision to the circuit court.  After hearing arguments and reviewing the magistrates return, the circuit court affirmed the judgment in favor of St. Lukes.  In a form order, the court stated, there was no error of law committed.  In a written order, the court explained as follows:

Appellant appears to be dissatisfied with the findings of fact.  His argument did not raise any errors of law commited by the lower court judge . . . .  This was a bench trial in which the judge is the trier of the facts and the law.  The lower court judge heard the testimony and received exhibits as evidence and concluded that the Plaintiff should be awarded judgment by way of a money judgment due to the poor workmanship of the Defendant.  

Dayse appeals the order of the circuit court.
DISCUSSION
Dayse argues the circuit court erred in affirming the decision of the magistrate.  He asserts the court applied an incorrect standard of review given the court reviewed the appeal only for errors of law and did not consider errors of fact.  We agree.
Section 18-7-170 of the South Carolina Code of Laws governs the standard of review applicable in the instant case.  Parks v. Characters Night Club, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) (recognizing that case originating in magistrates court and appealed to circuit court is governed by section 18-7-170).  This code section states:

Upon hearing the appeal the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits.  In giving judgment the court may affirm or reverse the judgment of the court below, in whole or in part, as to any or all the parties and for errors of law or fact.

S.C. Code Ann. § 18-7-170 (1985).  Section 18-7-170 provides that in an appeal from magistrates court in a civil action, the circuit court may make its own findings of fact.  Parks, 345 S.C. at 490, 548 S.E.2d at 608; see Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp., 280 S.C. 232, 234, 312 S.E.2d 20, 21 (Ct. App. 1984) (Sections 18-7-140 and 18-7-170 give the Circuit Judge sitting in an appellate capacity the ability to make a determination in the same manner as Circuit Courts in trials without a jury and to reverse a judgment for errors of fact even though the Circuit Judge may not have had the opportunity to observe the demeanor of the witnesses.); Rogers v. State, 358 S.C. 266, 269 n.1, 594 S.E.2d 278, 279 n.1 (Ct. App. 2004) (distinguishing standards of review in circuit court in criminal and civil appeals from magistrates court and noting that the circuit court in a civil appeal may make its own findings of fact). 
In terms of this courts standard of review, we will presume that an affirmance by a Circuit Court of a magistrates judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate and there are no facts that show the affirmance was influenced by an error of law.  Burns v. Wannamaker, 281 S.C. 352, 357, 315 S.E.2d 179, 182 (Ct. App. 1984), affd as modified, 288 S.C. 398, 343 S.E.2d 27 (1986).  However, this court will not grant that presumption where . . . it clearly appears that the Circuit Court applied an erroneous standard of review and failed to accord the contested facts the scrutiny which Section 18-7-170 contemplates.  Id.
Turning to the instant case, we find the circuit court applied an erroneous standard of review.  As evident by the form order, the circuit court only reviewed the magistrates decision for errors of law.  Although the court subsequently issued a written order, this order did not cure the error.  In the final order, the court again referenced Dayses failure to raise any errors of law.  Moreover, instead of making its own findings of fact, the court deferred to the magistrates findings by stating the magistrate was the trier of the facts and the law.  Because the circuit court applied an erroneous standard of review and failed to properly consider the disputed facts pursuant to section 18-7-170, we reverse the decision of the circuit court and remand the case for a determination consistent with this opinion.
 REVERSED AND REMANDED. 
HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1]   Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.