742 S.E.2d 15

**CITY OF GREER, Respondent,**

v.

**Shawn P. HUMBLE, Appellant.**

**Appellate Case No. 2012–207550.**

**No. 5108.**

Court of Appeals of South Carolina.

Heard Dec. 13, 2012.

Decided March 27, 2013.

Randall Scott Hiller, of Greenville, for Appellant.

Daniel Roper Hughes, of Duggan & Hughes, LLC, of Greer, for Respondent.

PIEPER, J.

This appeal arises out of Appellant Shawn Humble's driving under the influence (DUI) arrest. On appeal, Humble argues the circuit court erred in reversing the municipal court's dismissal of the DUI charge because (1) the affidavit required by subsection 56–5–2953(B) of the South Carolina Code (Supp. 2012) is deficient on its face, and (2) the circuit court ignored the finding of the municipal court that Respondent City of Greer's (the City) efforts to maintain the video recording equipment in an operable condition were not reasonable. We reverse.

**FACTS**

On February 25, 2011, Humble was pulled over by Officer Jim Williams. Upon Humble's DUI arrest, Officer Williams, the arresting officer, submitted an affidavit certifying that the video recording equipment was inoperable at the time of the arrest and stating that reasonable efforts had been made to maintain the equipment in an operable condition. Specifically, the affidavit provided "[a]t the time of the defendant's arrest, or probable cause determination, the video equipment in the vehicle I was operating was in an inoperable condition and reasonable efforts had been made to maintain the equipment in an operable condition."

Humble moved to dismiss his DUI charge on the grounds that (1) Officer Williams failed to comply with the video recording requirements of subsection 56–5–2953(B), and (2) Officer Williams' affidavit was insufficient. A hearing was held before the municipal court. Recognizing the affidavit did not state *which* reasonable efforts had been taken, the City elicited oral testimony from Officer Williams in an attempt to supplement the affidavit. Humble objected to the oral testimony. According to Officer Williams, the video recording system used by the City has an eight-gigabyte memory card and is built into the car mirror. When the video recording system malfunctions, there is no warning and there is no "real-time" indication of a malfunction. Officer Williams testified that the City occasionally has problems with the video

recording equipment in the patrol cars and that the protocol when a problem arises is to contact Digital Ally, a company that services video recording equipment for the City. Further, he testified that an officer has no reason to doubt he or she has a recording until the officer attempts to upload the images from the data card. Officer Williams testified that his department contacts Digital Ally every time they have a problem and that he has attempted to remedy the problem with his patrol car. Officer Williams also testified that he had ongoing problems with his patrol car. Humble provided the municipal court with the City's maintenance log. An entry on February 14, 2011, provides:

Caller (Jim Williams) stated that they have been having persistent issues in two of their vehicles . . . since they were installed over a year ago. He stated that they are having persistent issues in these 2 cars with mirrors locking up and green screen issues. He stated that 1 of these cars is on its 4th mirror and has had the I/O box replaced and the CF card replaced, problem persists. We have also sent them the RFI chokes and V2 mirrors. . . .

He said they have talked to ITS about sending out a tech to look at the system, but they were told they would have to pay for a service call and didn't feel they should have to pay since the problems were present since day 1. Customer would like someone to come out and identify and fix the problem. Notified Larry Dado who will be contacting ITS. UPDATE: 2/16/2011–LD spoke with Officer Jim Williams @ Greer. I advised that since ITS did not install the unit, they would be willing to come onsite . . . however . . . they would charge to do.

The municipal court granted Humble's motion to dismiss, finding that Officer Williams' affidavit "was deficient on its face, and that the supplemental testimony did not cure the deficiency." Specifically, the municipal court determined Officer Williams' testimony demonstrated that the City reacts quickly to each malfunction, but that "the City *only* reacts." The municipal court also found that there was no evidence showing any steps taken by the City to keep the video recording equipment operable or "indicating the system is maintenance free, and therefore in need of no maintenance." As to the activity log, the municipal court recognized that

Officer Williams asked the manufacturer to send someone to fix the problem, but that "[t]he log indicates the City did not wish to pay for the on-site visit. The visit did not occur." The court further found that the City "may not have known the precise cause of the problem; but the City knew of an on-going problem, specifically with the camera in the vehicle at the incident site. I found that to be unreasonable."

The City appealed to the circuit court, arguing that section 56–5–2953 does not require routine or scheduled maintenance to constitute reasonable efforts to maintain the video recording equipment in an operable condition. A hearing was held before the circuit court, and the circuit court found that as a matter of law the municipal court narrowly construed the statute and erred in dismissing the case. This appeal followed.

## STANDARD OF REVIEW

In a criminal appeal from the municipal court, the circuit court does not review the matter de novo; rather, the court reviews the case for preserved errors raised by appropriate exception. S.C.Code Ann. § 14–25–105 (Supp.2012); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 341, 713 S.E.2d 278, 282 (2011). In criminal appeals from the municipal court, the circuit court is bound by the municipal court's findings of fact if there is any evidence in the record which reasonably supports them. *See Rogers v. State*, 358 S.C. 266, 269 n. 1, 594 S.E.2d 278, 279 n. 1 (Ct.App.2004). The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law. *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007). Moreover, "[q]uestions of statutory interpretation are questions of law, which are subject to *de novo* review and which we are free to decide without any deference to the court below." *State v. Whitner*, 399 S.C. 547, 552, 732 S.E.2d 861, 863 (2012).

## LAW/ANALYSIS

Humble argues the circuit court erred in reversing the municipal court's dismissal of Humble's DUI charge because the affidavit required by subsection 56–5–2953(B) is deficient on its face. We agree.

Initially, we note that the record before this court consists of the municipal court's return, the transcript of oral arguments before the circuit court, the circuit court's order, Officer Williams' affidavit, and the City's maintenance log. No tape or transcript from the municipal court is included in the record on appeal. Additionally, neither party challenged the accuracy of the return in reciting the factual findings of the municipal court. Thus, we base our review upon those facts in the municipal court's return. *See State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) (stating it is error for an appellate court to consider facts not included in the magistrate's return).

The City argues Humble did not raise the issue of the deficient affidavit to the circuit court; thus, the City argues the issue is unpreserved. However, Humble objected to the municipal court's supplementation of the affidavit by oral testimony and moved to dismiss his charge because the affidavit is deficient. The municipal court ruled that the affidavit is deficient on its face, and the City did not appeal this finding. Furthermore, at the hearing before the circuit court, the City conceded the affidavit is deficient on its face. *See State v. Bryant*, 372 S.C. 305, 315–16, 642 S.E.2d 582, 588 (2007) (stating an issue conceded in the trial court could not be argued on appeal). Additionally, Humble explained to the circuit court that he objected to the supplementation of the affidavit, that the affidavit is deficient on its face, and that the City failed to appeal the municipal court's finding that the affidavit is deficient. For the foregoing reasons, we find Humble's issue is preserved for review.

■ Having determined the issue is preserved for review, we must next determine whether the affidavit is deficient on its face. "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) (quotation marks omitted). The court should look to the plain language of the statute when interpreting a statute. *Binney v. State*, 384 S.C. 539, 544, 683 S.E.2d 478, 480 (2009).

Effective February 10, 2009, the legislature amended the affidavit requirement of subsection 56–5–2953(B). *See* Act No. 201, 2008 S.C. Acts 1684. Prior to the amendment, the statute only required an officer to state reasonable efforts had been made to maintain the equipment in an operable condition. *See* S.C.Code Ann. § 56–5–2953(B) (2006) ("Failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal ... if the arresting officer submits a sworn affidavit certifying that the videotape equipment at the time of the arrest ... was in an inoperable condition, *stating reasonable efforts* have been made to maintain the equipment in an operable condition...." (emphasis added)). The amended statute, applicable to this case, now requires an officer to state *which* reasonable efforts had been made to maintain the equipment in an operable condition. *See* S.C.Code Ann. § 56–5–2953(B) (Supp.2012) ("Failure by the arresting officer to produce the video recording required by this section is not alone a ground for dismissal ... if the arresting officer submits a sworn affidavit certifying that the video recording equipment at the time of the arrest ... was in an inoperable condition, *stating which reasonable efforts* have been made to maintain the equipment in an operable condition...." (emphasis added)).

Here, Officer Williams' affidavit provides "[a]t the time of the defendant's arrest, or probable cause determination, the video equipment in the vehicle I was operating was in an inoperable condition and reasonable efforts had been made to maintain the equipment in an operable condition." We find that the circuit court erred in reversing the municipal court's dismissal because the affidavit is deficient on its face. Even though there is no procedure in section 56–5–2953 either preventing or allowing a timely amendment of the affidavit, the statute requires an affidavit stating *which* reasonable efforts were made to maintain the equipment in an operable condition. The affidavit Officer Williams provided the municipal court does not state *which* reasonable efforts were made; thus, the City failed to comply with the plain requirements of section 56–5–2953. Furthermore, the City conceded that the affidavit is deficient on its face. Strictly construing the statute in favor of Humble, the City failed to comply with the plain wording of the statute, as the affidavit did not provide *which* reasonable efforts were made to maintain the video

recording equipment in an operable condition. *See Roberts,* 393 S.C. at 346, 713 S.E.2d at 285 (stating a law enforcement agency's failure to comply with the provisions of section 56–5–2953 is fatal to the prosecution of a DUI case); *State v. Johnson,* 396 S.C. 182, 191–92, 720 S.E.2d 516, 521–22 (Ct. App.2011) (noting the legislature intended strict compliance with section 56–5–2953). A supplemental affidavit was never filed, and the oral testimony presented at trial to supplement the affidavit is insufficient to meet the affidavit requirements of the statute. Consequently, the only affidavit submitted in the record is the one the City conceded is deficient. Therefore, we reverse the circuit court's order because the affidavit does not provide an excuse for noncompliance with section 56–5–2953, as required by the statute. *See Roberts,* 393 S.C. at 349–50, 713 S.E.2d at 287 (holding an unexcused noncompliance with section 56–5–2953 mandates dismissal of a DUI charge).

 Second, Humble argues the circuit court erred in reversing the municipal court's finding that the City's efforts to maintain the video recording equipment in an operable condition were not reasonable. Even if the deficiency of the affidavit on its face alone does not mandate dismissal, we agree the circuit court erred in reversing the municipal court's finding that the City's excuse was not reasonable.

A person who operates a vehicle while under the influence of alcohol "must have his conduct at the incident site and the breath test site video recorded." S.C.Code § 56–5–2953(A) (Supp.2012). Subsection 56–5–2953(B) provides exceptions that excuse noncompliance with the mandatory video recording requirement:

Failure by the arresting officer to produce the video recording required by this section is not alone a ground for dismissal of any charge made pursuant to Section 56–5–2930, 56–5–2933, or 56–5–2945 if the arresting officer submits a sworn affidavit certifying that the video recording equipment at the time of the arrest or probable cause determination, or video equipment at the breath test facility was in an inoperable condition, stating *which reasonable efforts have been made to maintain the equipment in an operable condition. . . .* Nothing in this section prohibits the court from considering any other valid reason for the failure

to produce the video recording based upon the totality of the circumstances; nor do the provisions of this section prohibit the person from offering evidence relating to the arresting law enforcement officer's failure to produce the video recording.

S.C.Code Ann. § 56–5–2953(B) (Supp.2012) (emphasis added).

Furthermore, as discussed in *Roberts,* it is instructive that the legislature has not mandated videotaping in other criminal contexts:

Despite the potential significance of videotaping oral confessions, the Legislature has not required the State to do so. By requiring a law enforcement agency to videotape a DUI arrest, the Legislature clearly intended strict compliance with the provisions of section 56–5–2953 and, in turn, promulgated a severe sanction for noncompliance.

393 S.C. at 349, 713 S.E.2d at 286.

In *Roberts,* the supreme court found that an unexcused failure to video record the defendant's conduct in a traffic stop underlying a DUI prosecution, which resulted from a town's failure to request additional video cameras from the South Carolina Department of Public Safety (DPS) for installation in its patrol cars, warranted dismissal of the case. 393 S.C. at 349–50, 713 S.E.2d at 287. The court found that the legislature intended for a dismissal of a DUI case unless law enforcement could justify its failure to produce a video recording of a DUI arrest. *Id.* at 348, 713 S.E.2d at 286. The court further found that the town's prolonged failure to request additional video cameras from the DPS for installation in its patrol cars was not a valid reason for a failure to produce a video recording of the defendant's conduct during the underlying traffic stop. *Id.* at 349, 713 S.E.2d at 287. The court held that an unexcused noncompliance with section 56–5–2953 mandates dismissal of a DUI charge. *Id.* at 349–50, 713 S.E.2d at 287.

A plain reading of subsection 56–5–2953(B) requires the arresting officer to submit a sworn affidavit certifying that the video recording equipment at the time of the arrest was in an inoperable condition and stating *which reasonable efforts* had been made to maintain the equipment in an operable condition. *See* § 56–5–2953(B). A court reviewing the affidavit must determine whether the efforts listed in the affidavit were

or were not reasonable. Thus, what is considered to be reasonable efforts varies by the facts and circumstances of each case. *See Roberts*, 393 S.C. at 347, 713 S.E.2d at 285 (holding under the specific facts of the case that the town failed to satisfy any of the statutory exceptions that excuse noncompliance with the mandatory videotaping requirements of section 56–5–2953). Moreover, the legislature's decision to amend the statute from only requiring the affidavit to state reasonable efforts were made, to requiring *which* reasonable efforts were made, evidences a legislative intent to require specific facts in the affidavit to allow a reviewing court to make a determination of whether the law enforcement agency provided a valid reason for failing to produce a videotape.

Here, in reversing the municipal court, the circuit court found that the municipal court construed the language of section 56–5–2953 too narrowly and that "the City's system of promptly reacting to unsuccessful uploads constitutes *reasonable* efforts to maintain the system in an operable condition." The circuit court also found "[n]owhere in the statute does the Legislature require that the City conduct routine or scheduled maintenance."

The circuit court erred by failing to consider the municipal court's factual finding that the City knowingly used malfunctioning video equipment in the patrol car and failed to fix or attempt to fix the malfunction because the City did not want to pay for repairs. Additionally, the circuit court did not find that the factual findings in the municipal court's return were error; rather, the circuit court employed only a legal analysis in determining the municipal court erred in dismissing Humble's DUI charge. *See Rogers*, 358 S.C. at 270, 594 S.E.2d at 280 (noting that "the circuit court, sitting in its appellate capacity, may not engage in fact finding").

In determining that the City did not provide *which* reasonable efforts it made to maintain the video recording equipment in an operable condition, the municipal court specifically found that Officer Williams "asked the manufacturer to send someone out to find and fix the problem. The log indicates the City did not wish to pay for the on-site visit. The visit did not occur. I found that unreasonable."

Based upon the return that was provided to this court, we find the record supports the decision of the municipal court

that the City did not establish that reasonable efforts were made to maintain the video recording equipment in an operable condition. *See Brown*, 358 S.C. at 387, 596 S.E.2d at 41 (stating it is error for an appellate court to consider facts not included in the magistrate's return). Specifically, the maintenance log shows that Officer Williams knew the video recording equipment was having problems for at least a year. The maintenance log also provides that ten days before the day Humble was pulled over, the video recording equipment in the patrol car in question was reported as malfunctioning to the manufacturer. The record further reflects that the manufacturer advised the City that the service call would be pursued, but the City refused to pay for an on-site visit to repair the video equipment. The City was advised of a corrective action to repair the video equipment and elected not to pursue it. Thus, the City was generally aware of persistent problems in the equipment in Officer Williams' patrol car for over a year, but the City knowingly allowed the defective equipment to be used in that patrol car. Consequently, the City's decisions to merely report the malfunction in the video equipment and refuse to pay for the repairs, while continuing to use the defective equipment, did not constitute reasonable efforts to maintain the video recording equipment in an operable condition.

Furthermore, the supreme court's holding in *Roberts* supports a determination that the City's efforts in this case were not reasonable. We recognize the situation here is not the same situation as in *Roberts* dealing with the lack of video equipment in a patrol car. Nonetheless, we believe the reasoning in *Roberts* that an unexcused noncompliance with section 56-5-2953 mandates dismissal of a DUI charge is applicable to this case. As discussed above, the specific problem with the equipment was known ten days before the day Humble was pulled over. While Officer Williams testified the City contacts Digital Ally every time there is a problem and he attempted to remedy every problem he had with his patrol car, we agree with the municipal court that merely noting needed repairs, while refusing to pay for any repairs, is insufficient to establish an excused noncompliance with the statute. The focus here should have been on the specific equipment at issue, not equipment in general. Otherwise,

defective equipment could be knowingly used under the guise of a general policy of repair or maintenance efforts. Fairness suggests that a prosecutorial entity be precluded from knowingly utilizing defective equipment in the prosecution of criminal cases. Thus, the City's decision to merely report the malfunction in the video equipment while refusing to pay for the repairs and continuing to use the defective equipment is not a valid reason for failing to produce a video recording of Humble's conduct. *See Roberts,* 393 S.C. at 349, 713 S.E.2d at 287 (holding the town's prolonged failure to request additional video cameras from the DPS for installation in its patrol cars was not a valid reason for a failure to produce a video recording of the defendant's conduct during the underlying traffic stop).

Contrary to the circuit court's reasoning, dismissal of Humble's DUI charge does not set precedent that only routine maintenance and preventative measures constitute reasonable efforts. Rather, the determination of whether reasonable efforts were made to maintain the video equipment in an operable condition is a determination to be made on a case-by-case basis. To borrow a quote from Michel de Montaigne, we find that in its most basic sense, the municipal court merely found "saying is one thing and doing is another."[1] Quite simply, the statute requires reasonable efforts. The municipal court essentially found as a fact that saying something is broken while refusing to pay for a repair visit is not enough. The "reasonable efforts" language of the statute requires some "doing," and refusing to pay for repair visits evades the intent of the statute and is not "doing" enough to constitute reasonable efforts to maintain the video equipment in an operable condition. We find the limited record before us supports the decision of the municipal court and, thus, the circuit court erred in reversing the municipal court.

## CONCLUSION

Accordingly, we reverse the circuit court and reinstate the municipal court's order of dismissal.

**REVERSED.**

FEW, C.J., and WILLIAMS, J., concur.

---

1. Michel de Montaigne, Essays, bk. 2, ch. 31 (1580).