759 S.E.2d 755

The **STATE**, Appellant,

v.

Cody Roy **GORDON**, Respondent.

Appellate Case No. 2013–000515.

No. 5226.

Court of Appeals of South Carolina.

Heard March 6, 2014.

Decided April 23, 2014.

Withdrawn, Substituted, and Refiled June 11, 2014.

538

Appeal from Oconee County;  Alexander S. Macaulay, Circuit Court Judge.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Appellant.

Keith G. Denny, of Keith G. Denny, P.A., of Walhalla, for Respondent.

KONDUROS, J.

The State appeals the circuit court's reversal of the magistrate court's conviction of Cody Roy Gordon for driving under the influence (DUI).  It contends the circuit court erred in finding the State did not comply with section 56–5–2953(A) of the South Carolina Code (Supp.2013) because Gordon's head

was not visible on the required recording during one of the field sobriety tests administered. We affirm in part, vacate in part, and remand.

## FACTS

On October 29, 2011, the South Carolina Highway Patrol stopped Gordon at a license and registration checkpoint. Officers administered three tests to determine if Gordon was under the influence: the Horizontal–Gaze Nystagmus (HGN) test [1], the walk and turn test, and the one-leg stand test. Following the tests, the officers charged Gordon with DUI. The dashboard camera in the arresting officer's car recorded the events leading to the arrest.

Prior to a trial before the magistrate court, Gordon moved to dismiss the charge on several grounds, including the State's failure to sufficiently record the HGN test because Gordon's head was not visible on the recording during the test. The magistrate denied the motion to dismiss, finding the State properly captured Gordon's conduct on the recording as required by section 56–5–2953 of the South Carolina Code (Supp.2013) and *Murphy v. State*, 392 S.C. 626, 709 S.E.2d 685 (Ct.App.2011). Following a trial, a jury convicted Gordon of DUI.

Gordon appealed his conviction to the circuit court. At the hearing before the circuit court, Gordon argued the HGN test could not be seen on the recording. Gordon provided black and white photographs ("stills") of the recording to the circuit court without objection by the State. Following the conclusion of arguments, the circuit court granted Gordon's motion to dismiss. The court found section 56–5–2953(A) requires the defendant's head be visible during the administration of the HGN test, unless an exception in section 56–5–2953(B) applies. The court noted Gordon was "so far out of view in front of the arresting officer's patrol car for the administration of the test

---

1. "Nystagmus is described as an involuntary jerking of the eyeball, a condition that may be aggravated by the effect of chemical depressants on the central nervous system." *State v. Sullivan*, 310 S.C. 311, 315 n. 2, 426 S.E.2d 766, 769 n. 2 (1993). "The HGN test consists of the driver being asked to cover one eye and focus the other on an object held at the driver's eye level by the officer. As the officer moves the object gradually out of the driver's field of vision toward his ear, he watches the driver's eyeballs to detect involuntary jerking." *Id.*

and into the dark[,] which prevented [Gordon's] head from being sufficiently visible through the entire administration of the [HGN] test." This appeal followed.

## STANDARD OF REVIEW

■■■■ "In criminal appeals from magistrate ... court, the circuit court does not conduct a *de novo* review, but instead reviews for preserved error raised to it by appropriate exception." *State v. Henderson*, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct.App.2001); S.C.Code Ann. § 18–3–70 (2014) ("The appeal [from the magistrate court in a criminal case] must be heard by the Court of Common Pleas upon the grounds of exceptions made and upon the papers required under this chapter, without the examination of witnesses in that court. And the court may either confirm the sentence appealed from, reverse or modify it, or grant a new trial, as to the court may seem meet and conformable to law."). This court will review the decision of the circuit court for errors of law only. *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007); *Henderson*, 347 S.C. at 457, 556 S.E.2d at 692. "[Q]uestions of statutory interpretation are questions of law, which are subject to *de novo* review and which we are free to decide without any deference to the court below." *City of Greer v. Humble*, 402 S.C. 609, 613, 742 S.E.2d 15, 17 (Ct.App. 2013) (internal quotation marks omitted). The circuit court is bound by the magistrate court's findings of fact if any evidence in the record reasonably supports them. *Id.*

## LAW/ANALYSIS

■■■ The State argues the circuit court erred in reversing the magistrate court's conviction of Gordon for DUI. It contends the circuit court erred in finding the State did not comply with section 56–5–2953(A)(1)(a)(ii) of the South Carolina Code (Supp.2013) because Gordon's head was not visible during the HGN test.[2] It asserts the statute requires the

---

2. The State also contends the circuit court did not review the recording. However, the record does not indicate whether the circuit court reviewed the recording or not. Gordon indicated at the hearing that all of the evidence had been submitted to the circuit court. The record provides the circuit court conferred with its law clerk off the record after receiving the stills. Gordon asserts that at this time, the circuit court appeared to review the recording on its laptop on the bench with

recording include the field sobriety tests but not that the defendant's head must be visible. It further maintains that even if it is a requirement of the statute, the circuit court's factual finding that Gordon's head was not sufficiently visible during the HGN test lacked evidentiary support.

Section 56–5–2953(A) provides:

A person who [commits the offense of DUI] must have his conduct at the incident site ... video recorded. (1)(a) The video recording at the incident site must ... (ii) include any field sobriety tests administered....

"As amended in 2009, the current version of section 56–5–2953 expressly requires the recording of field sobriety tests." *Murphy v. State,* 392 S.C. 626, 632 n. 4, 709 S.E.2d 685, 688 n. 4 (Ct.App.2011) (citing S.C.Code Ann. § 56–5–2953(A)(1)(a)(ii) (Supp.2010) ("The video recording at the incident site must: ... include any field sobriety tests administered." (alteration by court))).

In *Murphy,* the defendant contended "the videotape of the incident [s]ite d[id] not comply with the statute because it fail[ed] to 'record most of the field sobriety tests.' " *Id.* at 631, 709 S.E.2d at 688. The court applied the prior version of section 56–5–2953, which was in effect at the time of the defendant's arrest, and found "the plain language of the statute does not require that the recording capture a continuous full view of the accused, or capture *all* field sobriety tests. Rather, provided all other requirements are met, the video need only record the accused's conduct." *Id.* at 632, 709 S.E.2d at 688. The version of the statute applied in *Murphy* did not include the explicit requirement that it "include any field sobriety tests administered" as the current version does. § 56–5–2953(A)(1)(a)(ii).

---

the assistance of its law clerk. The transcript of the hearing states no exhibits were introduced. The State did not put on the record the fact that the circuit court allegedly did not view the recording or raise any objection to the court allegedly not reviewing the recording. The appellant has the burden of providing a sufficient record. *Helms Realty, Inc. v. Gibson–Wall Co.,* 363 S.C. 334, 339, 611 S.E.2d 485, 487–88 (2005). Generally, "the appellate court will not consider any fact which does not appear in the Record on Appeal." Rule 210(h), SCACR. Accordingly, we cannot consider the State's assertion the circuit court did not review the recording.

"The cardinal rule of statutory construction is a court must ascertain and give effect to the intent of the legislature." *State v. Elwell,* 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) (internal quotation marks omitted). "What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." *Id.* (internal quotation marks omitted). "Therefore, [i]f a statute's language is plain, unambiguous, and conveys a clear meaning[,] the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.* (first alteration by court) (internal quotation marks omitted); *see also State v. Pittman,* 373 S.C. 527, 561, 647 S.E.2d 144, 161 (2007) ("All rules of statutory construction are subservient to the maxim that legislative intent must prevail if it can be reasonably discovered in the language used."). "However, penal statutes will be strictly construed against the state." *Elwell,* 403 S.C. at 612, 743 S.E.2d at 806.

"If the statute is ambiguous, however, courts must construe the terms of the statute." *Town of Mt. Pleasant v. Roberts,* 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011). "A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." *State v. Sweat,* 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010). "In interpreting a statute, the language of the statute must be read in a sense that harmonizes with its subject matter and accords with its general purpose." *Town of Mt. Pleasant,* 393 S.C. at 342, 713 S.E.2d at 283. "Any ambiguity in a statute should be resolved in favor of a just, equitable, and beneficial operation of the law." *Id.* (internal quotation marks omitted). "Courts will reject a statutory interpretation that would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention." *Id.* at 342–43, 713 S.E.2d at 283.

The purpose of section 56–5–2953 is to create direct evidence of a DUI arrest. *Town of Mt. Pleasant,* 393 S.C. at 347, 713 S.E.2d at 285. Dismissal of a DUI charge is an appropriate remedy provided by section 56–5–2953 when a violation of subsection (A) is not mitigated by subsection (B) exceptions. *City of Rock Hill v. Suchenski,* 374 S.C. 12, 17, 646 S.E.2d 879, 881 (2007). "[T]he Legislature clearly intend-

ed for a *per se* dismissal in the event a law enforcement agency violates the mandatory provisions of section 56–5–2953." *Town of Mt. Pleasant,* 393 S.C. at 348, 713 S.E.2d at 286. "By requiring a law enforcement agency to videotape a DUI arrest, the Legislature clearly intended strict compliance with the provisions of section 56–5–2953 and, in turn, promulgated a severe sanction for noncompliance." *Id.* at 349, 713 S.E.2d at 286.

■ The circuit court properly found the magistrate erred in finding the recording was only required to show the conduct of the defendant. The magistrate relied on *Murphy* in making that determination. Although *Murphy* holds that only the conduct of the defendant must be recorded, *Murphy* was based on a prior version of the statute, which did not include the specific language regarding the tests being recorded. The current version of the statute states: "The video recording at the incident site must ... include any field sobriety tests administered...." § 56–5–2953(A)(1)(a)(ii). Because of the purpose of the videotaping to create direct evidence of the arrest, if the actual tests cannot be seen on the recording, the requirement is pointless. Accordingly, the circuit court correctly found the head must be shown during the HGN test in order for that sobriety test to be recorded, and we affirm that finding.

■ However, because the magistrate court found the recording only needed to capture the conduct, it did not make any findings as to whether the entire test, including the head, was on camera. The circuit court found Gordon's head was not "sufficiently visible through the entire administration of the [HGN] test." But " 'the circuit court, sitting in its appellate capacity, may not engage in fact finding.' " *City of Greer v. Humble,* 402 S.C. 609, 618, 742 S.E.2d 15, 20 (Ct.App.2013) (quoting *Rogers v. State,* 358 S.C. 266, 270, 594 S.E.2d 278, 280 (Ct.App.2004)). Because the circuit court engaged in fact finding and the magistrate never made such findings due to its misconstruction of the statute, we vacate the circuit court's finding Gordon's head was not visible and remand the case to the magistrate court.[3] The magistrate court is to make

---

3. The dashcam recording that was available to the circuit court and the magistrate court was part of the record on appeal. This court viewed

factual findings in light of the circuit court and our determination that the test must be recorded on camera; specifically for the HGN test, the head has to be visible on the recording.[4]

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

WILLIAMS and LOCKEMY, JJ., concur.

---

the recording, but our standard of review, just like the circuit court's standard of review in this matter, does not allow us to make findings of fact. That duty is left solely to the magistrate court. Accordingly, we will not make findings as to what the recording shows.

4. Because we find the circuit court erred in making findings of fact, we need not address the State's argument the circuit court erred in reviewing the stills. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).