**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cathy Kennington Rockett, Appellant.

Appellate Case No. 2013-002523

———————————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-371
Heard April 23, 2015 – Filed July 29, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

———————————

**PER CURIAM:** Cathy Kennington Rockett appeals her driving under the influence (DUI), fourth offense, and habitual traffic offender convictions, arguing

the circuit court erred in denying her motion to dismiss the charges because police failed to satisfy the video recording requirements of section 56-5-2953 of the South Carolina Code (Supp. 2014). Specifically, Rockett argues police violated the statute by failing to video record the initial portion of her encounter with police and continuously video record her feet during the administration of the "walk and turn" field sobriety test. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: § 56-5-2953 (detailing video recording requirements of an accused's conduct at the incident site); *State v. Gordon*, 408 S.C. 536, 542, 759 S.E.2d 755, 758 (Ct. App. 2014) ("The cardinal rule of statutory construction is a court must ascertain and give effect to the intent of the legislature." (citation and internal quotation marks omitted)), *cert. granted* (Nov. 19, 2014); *State v. Landis*, 362 S.C. 97, 102-03, 606 S.E.2d 503, 506 (Ct. App. 2004) ("[A] statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." (citation omitted)); *Gordon*, 408 S.C. at 542, 759 S.E.2d at 758 ("The purpose of section 56-5-2953 is to create direct evidence of a DUI arrest." (citing *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011))); *State v. Taylor*, 411 S.C. 294, 305, 768 S.E.2d 71, 77 (Ct. App. 2014) (stating our appellate courts' decisions "demonstrate the plain language of the statute does not require the video to encompass every action of the defendant, but requires video of each event listed in the statute").

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**