**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The City of Greer, Respondent,

v.

Michael Edward Schulz, Appellant.

Appellate Case No. 2014-002105

———————

Appeal From Greenville County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-478
Submitted October 1, 2016 – Filed November 16, 2016

———————

**AFFIRMED**

———————

Daniel Joseph Farnsworth, Jr., of Farnsworth Law
Offices, LLC, of Greenville, for Appellant.

Daniel Roper Hughes, of Duggan & Hughes, LLC, of
Greer, for Respondent.

———————

**PER CURIAM:** Michael Edward Schulz appeals the circuit court's order affirming a conviction for driving under the influence, first offense from the municipal court. Schulz argues the municipal court erred by (1) improperly prohibiting the use of a document in cross-examination and excluding that

document from evidence and (2) allowing the jury to view an easel during deliberations that was not admitted into evidence. We affirm.[1]

1. We find the circuit court did not err in finding the municipal court's exclusion of the document was harmless error. *See State v. Brewer*, 411 S.C. 401, 408-09, 768 S.E.2d 656, 660 (2015) ("[E]rror is deemed harmless when it could not have reasonably affected the result of trial, and an appellate court will not set aside a conviction for such insubstantial errors." (quoting *State v. Jennings*, 394 S.C. 473, 478, 716 S.E.2d 91, 93 (2011))); *id.* at 409, 768 S.E.2d at 660 ("Whether an error is harmless depends on the circumstances of the particular case. No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case." (quoting *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985))).

2. We find the circuit court did not err in finding issue two was not preserved. *See City of Greer v. Humble*, 402 S.C. 609, 613, 742 S.E.2d 15, 17 (Ct. App. 2013) ("In a criminal appeal from the municipal court, the circuit court does not review the matter de novo; rather, the court reviews the case for preserved errors raised by appropriate exception. In criminal appeals from the municipal court, the circuit court is bound by the municipal court's findings of fact if there is any evidence in the record which reasonably supports them. The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law." (citations omitted)); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.