634 S.E.2d 660

**The STATE, Appellant,**

v.

**Ronald LANDON, Respondent.**

**No. 26202.**

Supreme Court of South Carolina.

Heard June 21, 2006.
Decided Aug. 21, 2006.

104

Assistant Solicitor Vince Smith, of Columbia, for appellant.

Desa Ballard and Jason B. Buffkin, of Law Offices of Desa Ballard, of West Columbia; and Joseph M. McCulloch, Jr., of Law Offices of Joseph M. McCulloch, of Columbia, for respondent.

Justice MOORE:

Respondent Landon was charged with driving under the influence (DUI) second offense. After a pre-trial hearing, the trial judge suppressed the results of Landon's breath test. The State appeals.[1]

---

1. The State may appeal such an order only if the suppression of the evidence would significantly impair the prosecution of the case. *State*

## FACTS

Landon was involved in an auto accident at about 8:30 a.m. on December 22, 2002. When Officer Bethea arrived on the scene more than an hour later, he noticed Landon had "a high odor of alcohol," red eyes, and a flushed face. Landon told the officer he had been out drinking and dancing but had stopped drinking at 2:00 a.m. Officer Bethea administered a horizontal gaze nystagmus test [2] and concluded Landon had "a measurable amount of alcohol in his system." He then took Landon to the Richland County Detention Center for a breath test on the DataMaster machine which indicated Landon had a blood alcohol level of .14.

At a pre-trial hearing, Landon moved to suppress the DataMaster results for a violation of S.C.Code Ann. § 56–5–2954 (2006) which provides:

The State Law Enforcement Division and each law enforcement agency with a breath testing site is required to maintain a detailed record of malfunctions, repairs, complaints, or other problems regarding breath testing devices at each site. . . .

After initially denying the motion, on a motion to reconsider the trial judge found that the failure to keep the required records at the site of the testing mandated suppression of the breath test results.

## ISSUES

1. Did the State violate § 56–5–2954?

2. Did Landon show prejudice?

---

*v. McKnight*, 287 S.C. 167, 337 S.E.2d 208 (1985). At the call of the case for trial, the solicitor represented to the trial judge that the prosecution was significantly impaired by suppression of the breathalyzer results. Although Landon contested this conclusion at the trial level, on appeal he does not challenge the State's right to appeal.

**2.** This is a field sobriety test administered by holding a pen up to the subject's eyes about 15 inches away and moving the pen from left to right in order to check for a smooth eye movement. Involuntary eye jerking indicates the presence of alcohol.

## DISCUSSION

The State claims there was no violation of § 56–5–2954 and, even if there was, the breath test results should not have been suppressed because Landon failed to show any prejudice.

### 1. Requirements of § 56–5–2954

Lieutenant Corbett Lewis, who is supervisor of the Implied Consent Department at the State Law Enforcement Division (SLED), testified there are 158 DataMaster machines at 117 sites statewide. SLED is in charge of keeping records regarding all DataMaster machines. All of the records for each DataMaster are available on SLED's website, including an "Inquiry Report" which lists the inquiries received from individual machine operators.[3] The summary of each inquiry is very brief and does not include information regarding the specific problem reported. A typical entry lists the date and the reporting operator, and under a column entitled "Comments" reads: "BAC DataMaster information provided. No inspection necessary," or "Inspection scheduled."

Lewis testified that the Inquiry Report is generated from an inquiry form filled out whenever SLED receives an inquiry from a test site operator. The form has six codes to describe the action taken and does not provide for a verbatim description of the specific inquiry or problem. In addition, the machine itself is programmed to detect eighteen errors that will shut down the machine and generate an error code that is reported. The machine operators do not repair the machines but simply report all problems to SLED. An inspection report is also available on SLED's website.

SLED does not require each test site to maintain separate records. The Richland County Detention Center does not keep separate records on site, however, SLED's records on the internet can be accessed at the Detention Center.

As noted above, § 56–5–2954 requires:

The State Law Enforcement Division *and* each law enforcement agency with a breath testing site is required to maintain a *detailed record* of malfunctions, repairs, complaints, or other problems regarding breath testing devices *at each site.*

---

3. The SLED website is http://www.sled.sc.gov/default.htm.

The trial judge found the State had failed to comply with this statute because no separate records were kept at the testing site and the records kept by SLED were not adequate.

First, the State contends the reference to a singular "record" indicates this statute does not require that a separate set of records be kept *at* each testing site but only that a record be kept of each device. A plain reading of the statute requires that a record be kept by both SLED and the individual agency. *See State v. Muldrow*, 348 S.C. 264, 559 S.E.2d 847 (2002) (words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction). We find this requirement is satisfied by the fact that SLED's internet records are available at the testing site itself. Of greater concern is the statute's requirement of a "detailed" record of specific problems with the DataMaster machines. The information available on SLED's website provides no particulars regarding problems reported by the individual testing sites. We conclude the trial judge correctly found that the records kept by SLED do not satisfy the requirement in § 56–5–2954 that a detailed record be maintained.

## 2. Prejudice

The State contends the trial judge should not have suppressed Landon's breath results without a finding of prejudice. We agree and remand for an evidentiary hearing on the issue of prejudice.

Rule 5, SCRCrimP, governs the disclosure of evidence in criminal cases.[4] A violation of Rule 5 is not reversible unless prejudice is shown. *State v. Hughes*, 336 S.C. 585, 521 S.E.2d 500 (1999). The Court of Appeals has held that the failure to disclose repair and maintenance records for breathalyzer equipment pursuant to a Rule 5 request does not war-

---

4.  Rule 5(a)(1)(C) provides:

   (C) Documents and Tangible Objects. Upon request of the defendant the prosecution shall permit the defendant to inspect and copy books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the prosecution, and which are material to the preparation of his defense or are intended for use by the prosecution as evidence in chief at the trial, or were obtained from or belong to the defendant.

rant suppression of breath test results absent a showing that such records are material to the defense. *State v. Salisbury,* 330 S.C. 250, 265, 498 S.E.2d 655, 662–63 (Ct.App.1998). We are aware, however, that information regarding the DataMaster is exclusively within the State's control. Because SLED's failure to provide a detailed record significantly hampers the defendant's ability to show prejudice in this situation, we hold that once a defendant makes a prima facie showing of prejudice, the burden must shift to the State to prove the defendant was not prejudiced, either by providing records to show the machine was working properly at the time of testing or by some other contemporaneous evidence. *Cf. State v. Quattlebaum,* 338 S.C. 441, 527 S.E.2d 105 (2000) (burden-shifting on element of prejudice from prosecutorial misconduct).

Here, records from the DataMaster machine that tested Landon on December 22, 2002, indicate that repairs were made to that machine on December 30th, only eight days after Landon was tested. We find this evidence is sufficient as a prima facie showing of prejudice which the State now has the burden of rebutting. Accordingly, we reverse the suppression of the breath test results and remand for an evidentiary hearing consistent with this opinion.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.