THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Randall Lane
 Smith, Sr., Appellant.
 
 
 

Appeal From Greenville County
 D. Garrison Hill, Circuit Court Judge
Unpublished Opinion No. 2008-UP-673
Submitted December 1, 2008  Filed
 December 9, 2008   
AFFIRMED

 
 
 
 Chief
 Appellate Defender Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Robert M.
 Ariail, of Greenville, for Respondent.  
 
 
 

PER CURIAM: Randall Lane Smith, Sr., appeals his
 conviction and sentence for criminal sexual conduct with a minor, second
 degree, arguing the circuit court erroneously permitted a listed witness the
 State did not identify as an expert to testify as to her expert opinions at
 trial and erroneously refused to declare a mistrial after one of the States
 witnesses described Smith as that pervert.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As
 to the issue of whether the circuit court erred in admitting the testimony of
 the States expert in child sexual abuse:  Rule 5(a)(1), SCRCrimP (requiring
 the State to disclose upon a defendants request books, papers, documents,
 photographs, tangible objects, buildings or places, or copies or portions
 thereof, as well as any results or reports of physical or mental
 examinations, and of scientific tests or experiments possessed by the State
 and intended for use as evidence at trial); State v. Landon, 370 S.C.
 103, 108, 634 S.E.2d 660, 663 (2006) (A violation of Rule 5 is not reversible
 unless prejudice is shown.); State v. Douglas, 367 S.C. 498, 507, 508, 626
 S.E.2d 59, 63-64 (Ct. App. 2006) cert. granted June 7, 2007
 (holding a circuit courts decision to admit expert testimony will not be
 reversed on appeal absent an abuse of discretion and a showing of both error
 and prejudice affecting the jurys decision); State v. Weaverling, 337
 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) (finding expert testimony
 and behavioral evidence concerning common behavioral characteristics of sexual
 assault victims and the range of responses to sexual assault encountered by
 experts are admissible as rape trauma evidence to prove a sexual offense
 occurred as long as their probative value outweighs any prejudicial effect).  
2.  As
 to the issue of whether the circuit court erred in refusing to declare a
 mistrial:  State v. Price, 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006)
 (holding an appellate court will not set aside a conviction if the circuit
 courts error was harmless); State v. Stanley, 365 S.C. 24, 33, 34, 615
 S.E.2d 455, 460 (Ct. App. 2005) (placing the decision to grant or deny a the
 extraordinary remedy of a mistrial within the sound discretion of the circuit
 court, and requiring a showing of both error and resulting prejudice to support
 a mistrial).  
AFFIRMED.
HEARN,
 C.J., SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.