THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Yancey Ranchara
 Thompson, Appellant.
 
 
 
 
 

Appeal From Lexington County
John M. Milling, Circuit Court Judge

Memorandum Opinion No. 2010-MO-028
 Heard October 20, 2010  Filed November 8,
2010

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson and Chief Appellate Defender
 Robert M. Dudek, both of South Carolina Commission on Indigent Defense, of
 Columbia, for Appellant
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Harold M. Coombs, Jr., of Office of the Attorney
 General, of Columbia, and Solicitor Donald V. Myers, of Lexington, for
 Respondent.
 
 
 

__________
PER CURIAM:  Appellant Yancey Thompson
 ("Thompson") appeals his convictions for Criminal Sexual Conduct in
 the First Degree, Criminal Sexual Conduct in the Second Degree, and
 Dissemination of Harmful Material to a Minor.  On appeal, Thompson argues the
 circuit court erred in: (1) not giving preclusive effect under collateral
 estoppel to a consent order from the family court stating the victim was abused
 by an "unknown perpetrator"; (2) failing to direct a verdict of
 acquittal because the State did not produce sufficient evidence that one of the
 crimes occurred in Lexington County; and (3) failing to find the State violated
 its disclosure obligations.  We affirm pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:
1. Collateral
 Estoppel:  Beall v. Doe, 281 S.C. 363, 371, 315 S.E.2d 186, 191 (Ct.
 App. 1984) ("[T]o assert
 collateral estoppel successfully, the party seeking issue preclusion still must
 show that the issue was actually litigated and directly determined in the prior
 action . . . .").
2. Directed
 Verdict: State v. Williams, 321 S.C. 327, 334, 468 S.E.2d 626, 630
 (1996) ("[V]enue, like jurisdiction, in a criminal case need not be
 affirmatively proved, and circumstantial evidence of venue, though slight,
 is sufficient to establish jurisdiction.") (emphasis added).
3. Disclosure
 Violations: State v. Landon, 370 S.C. 103, 108, 634 S.E.2d 660, 663
 (2006) ("A violation of Rule 5 is not reversible unless prejudice is
 shown."); State v. Hughes, 336 S.C. 585, 593, 521 S.E.2d 500, 504-05
 (1999) (holding the failure to disclose a law enforcement report did not
 violate Rule 5 where the information contained in the report was available to
 the defense before trial).[1]  
AFFIRMED.
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

[1] We
 decline to reach Thompson's arguments regarding a violation of Brady v.
 Maryland, 373 U.S. 83 (1963), because he did not raise them to the circuit
 court.  See State v. Hughes, 336 S.C. 585, 593 n.4, 521 S.E.2d
 500, 505 n.4 (1999) (declining to address Brady claim because it was not
 preserved even though the appellant's Rule 5 claim was).