THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Douglas Malcolm
 Strock, Appellant.
 
 
 
 
 

Appeal From Clarendon County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2011-UP-042
 Submitted January 4, 2011  Filed February
1, 2011    

AFFIRMED

 
 
 
 Scott Lamar Robinson, of Manning, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Harold M. Coombs, Jr., all of Columbia;
 and Solicitor Cecil Kelly Jackson, of Sumter, for Respondent. 
 
 
 

PER CURIAM:  Douglas
 Malcolm Strock appeals his conviction for criminal domestic violence of a high
 and aggravated nature (CDVHAN), arguing the trial court erred in: (1) allowing a
 voicemail message to be played to the jury, (2) denying Strock's motion for a
 directed verdict, (3) allowing the victim to offer testimony regarding her
 state of mind and appearance following the assault, (4) allowing the victim and
 other witnesses to offer testimony regarding the victim's injuries, and (5) failing
 to grant a mistrial.  We affirm[1] pursuant to Rule 220(b)(1), SCACR and the following authorities:
1. As
 to whether the trial court erred in allowing the voicemail message to be played
 to the jury:  Rule 403, SCRE ("Although
 relevant, evidence may be excluded if its probative value is substantially
 outweighed by the danger of unfair prejudice, confusion of the issues, or
 misleading the jury, or by considerations of undue delay, waste of time, or
 needless presentation of cumulative evidence."); Rule 901(a), SCRE
 ("[A] condition precedent to admissibility is satisfied by evidence
 sufficient to support a finding that the matter in question is what its
 proponent claims."); State v. Landon, 370 S.C. 103, 108, 634 S.E.2d
 660, 663 (2006) (noting a violation of the rule governing disclosure of
 evidence in criminal cases is not reversible unless prejudice is shown).   
2. As
 to whether the trial court erred in denying
 Strock's motion for a directed verdict:  State v. Weston, 367 S.C. 279,
 292, 625 S.E.2d 641, 648 (2006) (stating when ruling on a motion for a directed
 verdict, the trial court is concerned with the existence or nonexistence of
 evidence, not its weight).
 3. As to all
 remaining issues:  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d
 691, 693-94 (2003) ("In order for an issue to be preserved for
 appellate review, it must have been raised to and ruled upon by the trial
 judge. Issues not raised and ruled upon in the trial court will not be
 considered on appeal.").
AFFIRMED. 
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.