# The Supreme Court of South Carolina

The State, Petitioner,

v.

Phillip Wesley Sawyer, Respondent.

Appellate Case No. 2011-201206

---

## ORDER

---

After careful consideration of the petition for rehearing, the majority of the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded, and hence, there is no basis for granting a rehearing. However, we withdraw the original opinion filed June 4, 2014, and substitute the attached opinion. The only change is the removal of a citation to the Court of Appeals opinion in *State v. Gordon*, 2014 WL 1614854, which was withdrawn after our opinion was filed. Accordingly, the petition for rehearing is denied.

s/ Costa M. Pleicones                    J.

s/ Donald W. Beatty                      J.

s/ Kaye G. Hearn                         J.


We would grant the petition.

s/ Jean H. Toal                          C.J.

s/ John W. Kittredge                     J.


Columbia, South Carolina
August 27, 2014

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Phillip Wesley Sawyer, Respondent.

Appellate Case No. 2011-201206

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Spartanburg County
Roger L. Couch, Circuit Court Judge

---

Opinion No. 27393
Heard November 5, 2013 – Withdrawn and Substituted August 27, 2014

---

## AFFIRMED

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, and Solicitor Barry Joe Barnette of
Spartanburg, for Petitioner.

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Respondent.

---

**JUSTICE PLEICONES:** The Court granted the State's petition for a writ of
certiorari to review an unpublished Court of Appeals decision that affirmed the

circuit court's suppression of respondent's breath test results and video in this prosecution for driving under the influence (DUI). *State v. Sawyer*, 2011-UP-263 (S.C. Ct. App. filed June 7, 2011). We affirm, holding that a videotape from the breath test site that lacks the audio portion of the reading of Miranda rights and the informed consent law did not satisfy the requirements of S.C. Code Ann. § 56-5-2953(A)(2) (2006).[1]

## FACTS

In September 2007, respondent was taken to the Spartanburg County Jail by Deputy Evett, who picked him up following a traffic stop made by Lt. Woodward. Evett, a certified Data Master operator, placed respondent in the "subject test area" which is a room that adjoins the Data Master room. The rooms are separated by a glass panel. The deputy retrieved some forms from the Data Master room and then appeared to read respondent his Miranda rights and the implied consent information. Both respondent and Deputy Evett signed the forms. There are separate audio and video recording devices in both the subject test area and in the breathalyzer room. In this case, the audio device in the subject test area did not function.

Respondent moved to suppress the evidence relating to the breath test site alleging the videotape did not meet the requirements of S.C. Code Ann. § 56-5-2953(A). Section (A) required that a person charged with DUI have his conduct at both the incident site and the breath test site videotaped. Subsection (A)(2) provided:

> The videotaping at the breath site:
>
> > (a) must be completed within three hours of the person's arrest for a violation of Section 56-5-2930, 56-5-2933, or 56-5-2945 or a probable cause determination that the person violated Section 56-5-2945, unless compliance is not possible because the person needs emergency medical treatment considered necessary by licensed medical personnel;

---

[1] Subsection A of this statute was rewritten by 2008 Act No. 201, § 11, effective February 10, 2009 or when new equipment is installed. Essentially, the statute no longer requires the test to be conducted within 3 hours, and eliminates the requirement that the video include the reading of Miranda rights at the breath test site.

(b)  must include the reading of Miranda rights, the entire breath test procedure, the person being informed that he is being videotaped, and that he has the right to refuse the test;

(c)  must include the person taking or refusing the breath test and the actions of the breath test operator while conducting the test;

(d)  must also include the person's conduct during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to videotape this waiting period. However, if the arresting officer administers the breath test, the person's conduct during the twenty-minute pre-test waiting period must be videotaped.

The circuit court first held that the videotape itself must be excluded because "the videotape has no audio of the conversations between the testing officer and [respondent] concerning such matters as his Miranda warnings, the explanation of implied consent or other matters that may have been discussed between them." The judge held that evidence other than the videotape could be used, citing § 56-5-2953(B).

On respondent's motion for reconsideration, the circuit court clarified that it was suppressing not only the videotape, but also any evidence or testimony that respondent was offered and/or took a breath test, as well as the results of that test. The court noted the State had supplied an "exigency" affidavit, seeking to invoke the provisions of § 56-5-2953(B) that provides "Failure by the **arresting officer** to produce the videotapes required by this section is not alone a ground for dismissal of any charge . . . if the **arresting officer** submits a . . . sworn affidavit that it was physically impossible to produce the videotape because . . . exigent circumstances existed." (emphasis supplied).  The judge held "an exigency" required an emergency situation, or one requiring immediate attention or remedy, and found that since the State did not even know of the audio malfunction for several months after respondent's test, there was no exigent circumstance here.  The court also noted the affidavit was not prepared by the arresting officer, Lt. Woodward, as required by the statute, but rather by Deputy Evett, the breath test administrator.

In the direct appeal, the State argued first that since a videotape was produced, no consideration of Deputy Evett's "exigency" affidavit was necessary.[2] The State also argued that any defects in the audio portion of the tape went to its weight, not its admissibility, and that all the statute required was a video, which it produced. Alternatively, the State argued the trial judge should not have relied on the "exigency" exception, but that instead he should have admitted the evidence based upon a different part of § 56-5-2953(B), which permits the court to consider "other valid reasons" for the lack of a videotape based upon the "totality of the circumstances." This "totality of the circumstances" argument was not preserved for appeal as it was not ruled upon in either the circuit court's original order or in its amended order. *E.g. State v. Kromah*, 401 S.C. 340, 737 S.E.2d 490 (2013) fn. 3.

Following the Court of Appeals' decision affirming the trial court's suppression of all evidence obtained at the breath test site, the State sought a writ of certiorari. In its petition, the State made two arguments:

> I. The Court of Appeals erred in affirming the trial court's suppression of the video recording of the breath test site, testimony or evidence that a breath test was offered or administered, and the results of Respondent's breath test.

> II. The Court of Appeals erred in refusing to reverse the trial court's decision based on the totality of the circumstances pursuant to Section 56-5-2953(B) of the South Carolina Code.

State's petition for a writ of certiorari to the Court of Appeals (filed November 18, 2011) (C-TRACK Appellate Case No. 2011-201206).

On January 9, 2013, the Court granted certiorari on the first question but denied certiorari on the second. S. Ct. Order dated January 9, 2013 (C-TRACK Appellate Case No. 2011-201206).[3]

---

[2] We note that, assuming it was error to consider this affidavit, the State was the party that introduced it. It is well-settled that a party cannot complain of an error it induced. *E.g. State v. Stroman*, 281 S.C. 508, 316 S.E.2d 395 (1984).

[3] While the dissent would find the scope of the circuit court's suppression order too broad, there is no challenge to the breadth of that order on certiorari.

## ISSUE

> Did a breath test site video that did not include audio demonstrating that Miranda warnings were given, that the individual was informed that he was being videotaped, or that he has the right to refuse the breath test meet the requirements of § 56-5-2953(A) as it existed in September 2007?

## ANALYSIS

The State argues that the statute only required that the individual's "conduct" be recorded, and that conduct under the statute has been defined by the Court of Appeals as "one's behavior, action or demeanor." *Murphy v. State*, 392 S.C. 626, 709 S.E.2d 685 (Ct. App. 2011). Thus, the State contends that only video of the individual is necessary to satisfy the statute. We disagree.

In *Murphy*, the incident site video did not capture a full length image of the individual as she attempted field sobriety tests. *Murphy* held that the video adequately reflected the individual's behavior. Here, however, we are concerned not with the defendant's conduct but with the content of the statutorily required warnings. At the breath test site, the videotape must record the individual's conduct during the twenty-minute waiting period [§ 56-5-2953(A)(2)(d)] and the action of the breathalyzer operator conducting the test [§ 56-5-2953(A)(2)(c)]. Silent tape of this conduct would be acceptable under *Murphy*. However, the statute required a videotape not merely of the individual's conduct while being read his Miranda and informed consent rights, but also that it "must include" "the reading of Miranda rights" and "the person being informed that he is being videotaped, and that he has the right to refuse the test." § 56-5-2953(A)(2)(b). A silent video simply cannot meet these statutory requirements.[4]

---

[4] Contrary to the dissent's contention that the video shows respondent being read his *Miranda* warnings, being told the matter was videotaped, and being informed of his right to refuse, all that the video shows is the officer's lips moving. As for respondent's failure to challenge the contents of the officer's warnings, at this juncture the sole issue before the circuit court was whether the silent video complied with the statute. Further, respondent has not conceded the adequacy of the officer's statements, as reflected in his briefs which refer to the "alleged warnings." Finally, "bad faith" and "bad motive" are irrelevant here.

The State argues that this defect in the videotape goes only to its weight, not its admissibility. Here we are concerned with a statute which governs the admissibility of certain evidence. *Compare e.g.* S.C. Code Ann. § 19-1-180 (Supp. 2012) (certain hearsay statements made by children admissible in family court if statute's terms complied with). In § 56-5-2953(B), the General Assembly specified:

> Nothing in this section may be construed as prohibiting the introduction of other evidence in the trial of a [DUI charge]. Failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal of [charges] if the arresting officer submits a sworn affidavit certifying that the videotape equipment at the time of the . . . breath test device [sic] was in an inoperable condition, stating reasonable efforts have been made to maintain the equipment . . . and certifying there was no other operable breath test facility available in the county or, in the alternative, submits a sworn affidavit certifying that it was physically impossible to produce the videotape because the person needed emergency medical treatment, or exigent circumstances existed . . . .
> Nothing in this section prohibits the court from considering any other valid reason for the failure to produce the videotape based upon the totality of the circumstances . . . .

> Section 56-5-2953(B) (2006).

While defects in evidence do not generally affect admissibility, as the State maintains, the Court has interpreted the statute to require strict compliance with Section (A) as a prerequisite for admissibility, unless an exception in Section (B) applies. *City of Rock Hill v. Suchenski*, 374 S.C. 12, 646 S.E.2d 879 (2007); *see also State v. Elwell*, 403 S.C. 606, 743 S.E.2d 802 (2013). The General Assembly is presumed to be aware of this Court's interpretation of a statute, and where that statute has been amended, but no change has been made that affects the Court's interpretation, the legislature's inaction is evidence that our interpretation is correct. *E.g. McLeod v. Starnes*, 396 S.C. 647, 723 S.E.2d 198 (2012). While the General Assembly has amended § 56-5-2953 following our *Suchenski* decision,

nothing in the amended statute alters our holding that failure to comply with the statute's terms renders the evidence inadmissible.**[5]**

As explained above, we declined certiorari to consider whether the circuit court might have admitted the flawed tape under § 56-5-2953(B)'s "totality of the circumstances" exception, and we have determined this tape did not satisfy § 56-5-2953(A). The Court of Appeals properly affirmed the circuit court's suppression order. *City of Rock Hill v. Suchenski*, *supra*.[6]

## CONCLUSION

The Court of Appeals' decision is

**AFFIRMED**.

**HEARN and BEATTY, JJ., concur.  TOAL, C.J., dissenting in a separate opinion in which KITTREDGE, J., concurs.**

---

[5] The dissent maintains that a prejudice analysis is appropriate whenever evidence is obtained without full compliance with statutory requirements, citing *State v. Odom*, 382 S.C. 144, 676 S.E.2d 124 (2009) (actually involving violation of executive agreements); *State v. Huntley*, 349 S.C. 1, 562 S.E.2d 472 (2002); *State v. Chandler*, 267 S.C. 138, 226 S.E.2d 533 (1976); *State v. Sachs*, 264 S.C. 541, 216 S.E.2d 501 (1975).  As we have explained, these decisions are inapposite since, unlike 56-5-2953, they involve statutes where the General Assembly did not specify the remedy for the State's failure to comply. *Suchenski*, *supra*.

[6] The only arguable error of law was the circuit court's failure to dismiss the charges once it determined that the State did not produce a videotape meeting the requirements of (A) and that it did not meet any of the exceptions in (B). *Suchenski*, *supra*; *Elwell*, *supra*.  Respondent, however, did not appeal the circuit court's denial of his request that the charges be dismissed.

**CHIEF JUSTICE TOAL:** I respectfully dissent. I would hold that the circuit court committed an error of law in suppressing the evidence at issue in this case.

Assuming, without deciding, that the video recording of Respondent's breath test site did not comply with section 56-5-2953,[7] I would apply a harmless error analysis in determining whether the video recording and breath test evidence should have been suppressed. This Court has recognized that the "exclusion of evidence should be limited to violations of constitutional rights and not to statutory violations, *at least where the appellant cannot demonstrate prejudice* at trial resulting from the failure to follow statutory procedures." *State v. Chandler*, 267 S.C. 138, 143, 226 S.E.2d 553, 555 (1976) (emphasis added) (citing *State v. Sachs*, 264 S.C. 541, 566 n.11, 216 S.E.2d 501, 514 n.11 (1975)). In *State v. Huntley*, 349 S.C. 1, 5, 562 S.E.2d 472, 474 (2002), the circuit court suppressed a defendant's breathalyzer results where the simulator test solution did not contain the proper alcohol concentration required by an Act.[8] Despite non-compliance with the Act, this Court held that the circuit court improperly excluded the breathalyzer test results because the defendant was not prejudiced by the violation, as the breathalyzer machine itself was operating properly. *Id.* at 6, 562 S.E.2d at 474. Therefore, the Court determined that evidence of non-compliance with the Act went to the weight, not the admissibility of the defendant's breathalyzer results. *Id.*

Relying on these cases, I would hold that the circuit court committed an error of law in failing to engage in a prejudice analysis upon finding that the video

---

[7] The State argues that the video recording satisfied section 56-5-2953 because the video recording captured all conduct and events required by the statute. In addition, the police officer who administered the breath test submitted an affidavit to the circuit court indicating that exigent circumstances existed under 56-5-2953(B) because the audio failure was unknown and out of the officer's control at the time of the test.

[8] The Act amended South Carolina Code Ann. § 56-5-2950(a) to require a simulator test be performed before a breath test is administered to ensure the reliability of the breathalyzer machine results. Act No. 434, 1998 S.C. Acts 3220–23.

recording failed to satisfy the requirements of section 56-5-2953.[9]

Contrary to the majority's assertion, the General Assembly did not specify a remedy in section 56-5-2953 for failure to comply with the statutory requirements. Subsection (B) merely provides that noncompliance with the statute "is not alone a ground for dismissal" *if* the video recording qualifies under an exception in subsection (B). S.C. Code Ann. § 56-5-2953(B); *see also Suchenski*, 374 S.C. at 16, 646 S.E.2d at 881 (finding that failure to produce a video recording in compliance with 56-5-2953 *may* be a ground for dismissal if no exceptions apply). Regardless, in my opinion, a statute's failure to specify a remedy for noncompliance does not preclude a prejudice analysis, as the majority implies. *C.f. State v. Landon*, 370 S.C. 103, 108–09, 634 S.E.2d 660, 663 (finding a prejudice analysis appropriate for an alleged violation of a recordkeeping statute which does not specify a remedy for noncompliance).

In my view, Respondent was not prejudiced by the video recording's lack of audio. Aside from its lack of audio, the video recording complies with the statutory requirements of 56-5-2953 by including the reading of Respondent's *Miranda*[10] warnings, the officer informing Respondent of the video recording and his right to refuse the breath test, and the breath test procedure itself. This Court has stated that "the purpose of section 56-5-2953 . . . is to create direct evidence of a DUI arrest." *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011). Despite the malfunctioning of the audio, the video recording nevertheless creates evidence of Respondent's breath test. Significantly, Respondent has challenged neither the validity of the *Miranda* warnings he was given nor any other aspect of the breath test procedure. Respondent has not asserted that bad faith or a bad motive existed on the part of any actor involved in the video recording audio failure.

---

[9] The mention of prejudice in *City of Rock Hill v. Suchenski*, 374 S.C. 12, 16, 646 S.E.2d 879, 881 (2007) has no impact on the present case. In *Suchenski*, the Court found that a violation of 56-5-2953, even without a showing of prejudice to the defendant, may result in dismissal of the charges. *Id.* As the majority points out, in this case, Respondent did not appeal the circuit court's denial of his motion to dismiss.

[10] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Therefore, I would hold that Respondent was not prejudiced by the omission of audio in the video recording and, consequently, the circuit court erred in suppressing the evidence.  Absent a violation of Respondent's constitutional rights—which are not in dispute here—the circuit court should not have excluded the video recording or the evidence surrounding Respondent's breath test without a showing that (1) the video did not comply with section 56-5-2953 *and* (2) Respondent was prejudiced as a result of the video's non-compliance.  *See Huntley*, 349 S.C. at 6, 562 S.E.2d at 474; *Chandler* 267 S.C.at 143, 226 S.E.2d at 555.

In my view, nothing in section 56-5-2953 mandates suppression of a defective video recording, nor has this Court ever interpreted the statute as requiring strict compliance for admission of a video recording, as the majority asserts.  Defects in evidence generally do not affect admissibility.  *See State v. Odom*, 382 S.C. 144, 152, 676 S.E.2d 124, 128 (2009) (citing *Huntley*, 349 S.C. at 6, 562 S.E.2d at 474).  As indicated, *supra*, in the prejudice analysis, "exclusion is typically reserved for constitutional violations."  *Id.* (citing *Huntley*, 349 S.C. at 6, 562 S.E.2d at 474); *Chandler*, 267 S.C. at 143, 226 S.E.2d at 555.  Thus, I would find that the defect in the video recording goes to the weight, rather than the admissibility, of the evidence.  *See Odom*, 382 S.C. at 152, 676 S.E.2d at 128.

Likewise, I disagree with the majority's interpretation of *Suchenski*. Specifically, the majority believes *Suchenski* stands for the proposition that strict compliance with section 56-5-2953 is a prerequisite for admissibility of evidence. *Suchenski* merely holds that dismissal of a DUI charge is "*an* appropriate remedy provided by [section] 56-5-2953 where a violation of subsection (A) is not mitigated by subsection (B) exceptions."  *Suchenski*, 374 S.C. at 17, 646 S.E.2d at 881 (emphasis added).  In fact, the case makes no mention of suppression of evidence, addressing only dismissal of DUI charges as a possible remedy for non-compliance with the statute.  *Id.*  Because dismissal of Respondent's DUI charges is not before us, this Court may only review the circuit court's suppression order. As a result, the majority's reliance on *Suchenski* is misplaced.

Furthermore, the majority provides no support for upholding the circuit court's suppression of Respondent's breath test results along with all evidence or testimony related to the breath test.[11]  Even if the failure to comply with the statute

---

[11] I disagree with the majority's contention that there is no challenge to the breadth of the circuit court's suppression order on certiorari.  While the State's petition does not use that language, the State argued that the court of appeals erred in affirming the circuit court's suppression of the video recording, the testimony or evidence

did, in fact, require suppression of the defective video recording, and assuming the circuit court declined to dismiss the DUI charges, I cannot conceive of a basis, statutory or otherwise, for excluding the breath test results and the related testimony and evidence.  To the contrary, section 56-5-2953 provides that "[n]othing in this section may be construed as prohibiting the introduction of other relevant evidence" in the trial for a DUI.  S.C. Code Ann. § 56-5-2953(B).

Therefore, because I would hold that the circuit court erred in failing to conduct a prejudice analysis and Respondent demonstrated no prejudice resulting from admission of the evidence, and because at the very least the circuit court erred in suppressing the evidence surrounding the breath test, I would reverse the court of appeals' decision upholding the circuit court's suppression order and remand for a new trial.

**KITTREDGE, J., concurs.**

---

that a breath test was offered or administered, *and* the results of the breath test.  In my opinion, if the State contended the circuit court erred in excluding the video recording only, the State's argument would have only mentioned the video recording.