**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gerald J. Nagy, Appellant.

Appellate Case No. 2015-002576

---

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-453
Submitted October 1, 2018 – Filed December 12, 2018

---

**AFFIRMED**

---

Gerald J. Nagy, of West Columbia, pro se.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia, for Respondent.

---

**PER CURIAM:** Gerald Nagy, pro se, appeals his conviction for speeding and fine of $81.50. On appeal, Nagy argues (1) the magistrate erred in failing to enforce the requirements of *Brady v. Maryland*[1] and Rule 5, SCRCrimP, (2) the

---

[1] 373 U.S. 83 (1963).

magistrate erred in refusing to allow Nagy to present arguments and by soliciting direct testimony from the bench, (3) the magistrate erred in contradicting its own ruling by allowing the admission of evidence previously excluded, and (4) the circuit court erred in affirming the magistrate's ruling on the alleged *Brady* and Rule 5 violations. We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Nagy's *Brady* and Rule 5 arguments: *State v. Johnson*, 396 S.C. 182, 186, 720 S.E.2d 516, 518 (Ct. App. 2011) ("The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law."); *State v. Frazier*, 394 S.C. 213, 223, 715 S.E.2d 650, 655 (Ct. App. 2011) ("A defendant asserting a *Brady* violation must demonstrate the evidence the State failed to disclose was (1) favorable to the defendant, (2) in possession of or known to the State, (3) suppressed by the State, and (4) material to guilt or punishment."); *State v. Proctor*, 358 S.C. 417, 421, 595 S.E.2d 476, 478 (2004) ("The materiality test is the same under *Brady* and under [Rule 5]."); *id.* ("Evidence is material under *Brady* if there is a reasonable probability that had the evidence been disclosed, the result of the proceeding would have been different."); *Frazier*, 394 S.C. at 224, 715 S.E.2d at 655 ("'A "reasonable probability" is a probability sufficient to undermine confidence in the outcome' of the proceedings." (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985))); *State v. Taylor*, 333 S.C. 159, 177, 508 S.E.2d 870, 879 (1998) ("For *Brady* purposes, in determining the materiality of nondisclosed evidence, an appellate court must consider the evidence in the context of the entire record."); *State v. Landon*, 370 S.C. 103, 108, 634 S.E.2d 660, 663 (2006) ("A violation of Rule 5 is not reversible unless prejudice is shown.").

2. As to Nagy's remaining arguments: *City of Rock Hill v. Suchenski*, 374 S.C. 12, 16, 646 S.E.2d 879, 880 (2007) (noting that in order to be preserved for appellate review, issues must be raised to and ruled upon by the circuit court when serving as an intermediate appellate body, and failure to seek "a post-judgment ruling from the circuit court" precluded further appellate review).

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.