**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Kenneth Taylor, Respondent.

Appellate Case No. 2016-002238

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2020-UP-215
Submitted April 1, 2020 – Filed July 15, 2020

**AFFIRMED**

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor Barry J. Barnette, of
Spartanburg, for Appellant.

Kenneth Taylor, of Inman, pro se.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Garris*, 394 S.C. 336, 344, 714 S.E.2d 888, 893 (Ct. App. 2011) ("In criminal cases, the appellate court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous.");

S.C. Code Ann. § 56-5-2953(A)(1)(a)(iii) (2018) ("The video recording at the incident site must . . . show the person being advised of his *Miranda* rights."); *Mid-State Auto Auction of Lexington Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996) ("Unless there is something in the statute requiring a different interpretation, the words used in a statute must be given their ordinary meaning."); *State v. Kinard*, 427 S.C. 367, 372, 831 S.E.2d 138, 141 (Ct. App. 2019) ("Under a plain reading of the statute, a person's conduct cannot be captured from a video in which he cannot be seen."); *id.* at 373, 831 S.E.2d at 141 ("[T]he requirement that the arrest and *Miranda* reading be videotaped serves to protect the rights of the defendant.").

**AFFIRMED.**[1]

**HUFF, THOMAS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.