**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Claybon Lewis Atwater, Jr., Appellant.

Appellate Case No. 2021-001320

---

Appeal From Horry County
Steven H. John, Circuit Court Judge

---

Unpublished Opinion No. 2024UP051
Submitted January 1, 2024 – Filed February 7, 2024

---

**AFFIRMED**

---

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

---

**PER CURIAM:** Claybon Lewis Atwater, Jr. appeals his convictions for felony driving under the influence (DUI) resulting in death and felony DUI resulting in great bodily injury, and aggregate sentence of twenty-two years' imprisonment. On appeal, he argues the circuit court erred in failing to dismiss his charges or redact

an officer's body camera video recording from the incident site because the footage did not show him receiving his *Miranda*[1] rights, as required by section 56-5-2953 of the South Carolina Code (2018). We affirm pursuant to Rule 220(b), SCACR.

The trial court erred in finding no violation of the relevant statute. *See* § 56-5-2953(A) ("A person who violates [s]ection . . . 56-5-2945 [of the South Carolina Code (2018)] . . . must have his conduct at the incident site and the breath test site video recorded."). The video recording from the incident site did not comply with the statutory requirement to show Atwater being advised of his *Miranda* rights because although Atwater was visible before and after the advisement of the *Miranda* rights and the video recording contained audio of the advisement, Atwater's leg and foot were the only parts of his body visible during the advisement. Further, the video recording did not show the arresting officer as he advised Atwater of his *Miranda* rights. *See* § 56-5-2953(A)(1)(a)(iii) (stating the "video recording at the incident site must . . . show the person being advised of his *Miranda* rights"); *State v. Taylor*, 436 S.C. 28, 35, 870 S.E.2d 168, 172 (2022) (holding "that in order for a DUI recording to 'show' a defendant being advised of his *Miranda* rights, the defendant and arresting officer must be visually seen and audibly heard" (italics added)).

We respectfully reject the State's argument that the officer's failure to comply with the statute was excused by the exceptions listed in section 56-5-2953(B). *See* § 56-5-2953(B) ("In circumstances including, but not limited to, road blocks, traffic accident investigations, and citizens' arrests, where an arrest has been made and the video recording equipment has not been activated by blue lights, the failure by the arresting officer to produce the video recordings required by this section is not alone a ground for dismissal. However, as soon as video recording is practicable in these circumstances, video recording must begin and conform with the provisions of this section. Nothing in this section prohibits the court from considering any other valid reason for the failure to produce the video recording based upon the totality of the circumstances . . . ."). First, we hold the lack of compliance is not excused under the traffic accident exception because the accident was not the reason the video recording failed to fully show Atwater or the officer during the advisement of his *Miranda* rights. *See State v. Kinard*, 427 S.C. 367, 373, 376-77, 831 S.E.2d 138, 141, 143 (Ct. App. 2019) (indicating the traffic accident exception did not excuse noncompliance with the video recording requirements listed in section 56-5-2953(A) because the accident was "not the reason [the defendant] could not be videotaped"). Second, we hold the totality of

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

the circumstances does not excuse the noncompliance because although Atwater laid down in the backseat of the patrol car, police could have taken reasonable measures, including adjusting the body-worn camera or utilizing a dash camera, to visibly show Atwater during the advisement of his *Miranda* rights. Finally, the audio from the video recording indicates police instructed Atwater during the advisement of the *Miranda* rights to "sit up" because he was "falling asleep," which does not ensure Atwater understood his rights or could knowingly waive his rights.

Even so, our supreme court has explained this error does not mandate dismissal. *Taylor*, 436 S.C. at 39, 870 S.E.2d at 174 (employing logic from an earlier precedent when determining suppression was the proper remedy and noting it "believe[d] this approach [wa]s consistent with the evolution of" South Carolina case law). In our unpublished opinion *State v. Belk*, we affirmed the trial court's denial of Belk's motion to dismiss because suppression of Belk's statements was the proper remedy for failure to comply with the DUI recording statute. 2023-UP-089 (S.C. Ct. App. filed Mar. 15, 2023). In *State v. Lowery*, we found the video recording did not comply with section 56-5-2953 and although "[u]ntil recently, dismissal of a DUI charge was an appropriate remedy if a police officer failed to" comply with section 56-5-2953, the proper remedy after *Taylor* was not dismissal. 436 S.C. 349, 361, 872 S.E.2d 197, 203 (Ct. App. 2022), *cert. granted* (Aug. 10, 2023).

Given precedent's explanation that suppression, not dismissal, is the appropriate remedy, we must analyze whether admitting the video was a harmless error. *See State v. Black,* 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); § 56-5-2945 ("A person who, while under the influence of alcohol, drugs, or the combination of alcohol and drugs, drives a motor vehicle and when driving a motor vehicle does any act forbidden by law or neglects any duty imposed by law in the driving of the motor vehicle, which act or neglect proximately causes great bodily injury or death to another person, is guilty of the offense of felony [DUI] . . . ."). One of the officers responding to the traffic accident testified Atwater admitted he had been driving at the time of the wreck after waiving his *Miranda* rights. Police also advised Atwater of his *Miranda* rights in the DataMaster room, Atwater waived his rights, and Atwater admitted he was driving at the time of the wreck and had been drinking earlier in the day. Further, Atwater's blood alcohol concentration was 0.11 and his blood alcohol content was 0.105 percent. Moreover, an insurance investigator testified without objection that Atwater admitted he had been drinking on the day in question. In

short, there was ample other evidence independent of the deficient recording conclusively proving Atwater's guilt beyond a reasonable doubt.  For that reason, his conviction and sentence are

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.